UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KANISHA LOONEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 1:21-cv-2944 |
| | ) |
| GOVERNMENT EMPLOYEE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Kanisha Looney ("Looney" or "Plaintiff"), by counsel, brings this action against Defendant, Government Employee Insurance Company, ("Defendant" or "GEICO"), alleging violations of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e. *et. seq.*, the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et. seq.*, and the Family and Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. § 2601 *et seq.*

**II. PARTIES**

2. Looney is a resident of Marion County in the State of Indiana, who at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant is a foreign company that systematically conducts business within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; 42 U.S.C. § 2000e-5(f)(3); 42 U.S.C. § 12117; and 29 U.S.C. § 2617(a)(2).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b), 42 U.S.C. § 12111(5)(A), and 29 U.S.C. § 2611(4).

6. Swift, at all times relevant, was an "eligible employee" as that term is defined by 29 § 2611(2).

7. Swift was an "employee" as that term is defined by 42 U.S.C. §2000e(f) and 42 U.S.C. § 12111(4).

8. Swift satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission against Defendant alleging discrimination based on race and disability. Swift received her Notice of Suit Rights and timely files this action.

9. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of Clark County and the Southern District of Indiana; thus, venue is proper in this court.

### IV. FACTUAL ALLEGATIONS

10. Looney is African American.

11. Looney began her employment with GEICO in or about July 2016.

12. Looney served as a Customer Service Representative and her direct supervisor was Daniel Curtis.

13. At all relevant times, Looney met or exceeded Defendant's legitimate performance expectations.

14. Looney suffers from an impairment that substantially limits her in one or more major life activities. Specifically, Looney suffers from depression and anxiety which, when triggered, results in Looney's inability to care for herself and/or work, amongst other things.

15. In or about late 2018, Looney applied and was granted intermittent leave under the FMLA for flare ups of her depression and anxiety. Looney was approved to take 2 to 3 days per month for her condition.

16. In or about April 2019, Looney was certified to take intermittent leave under the FMLA three times every two months, not to exceed two days per occurrence.

17. In or about April 2020, Looney was certified to take intermittent leave under the FMLA up to four occurrences per month, not to exceed one day per occurrence.

18. Looney's condition continued to deteriorate in part due to being the victim of domestic abuse.

19. On or about July 16, 2020, Looney was certified to take intermittent leave under the FMLA up to three times per month, not to exceed one day per occurrence.

20. Looney was absent on July 30, 2020, due to her depression and anxiety. Because it was in excess of her approved frequency, Defendant informed Looney that

her employment would be terminated unless her physician certified her leave of absence.

21. Looney diligently sought the requested certification from her physician. Her physician told Looney that the paperwork had been submitted, however, Defendant claimed it had not received it. Looney continued to diligently work with Defendant and her health care provider to provide the certification as soon as practicable. On or about September 10, 2020, Defendant stated that it would no longer accept the paperwork from Looney's health care provider and terminated her employment.

22. Similarly situated individuals were not held to the same attendance standards. For example, Olivia, a Customer Service Representative, who is White and not disabled, was afforded leave whenever she needed and had a worse attendance record than Looney; yet she was not terminated.

23. At or around the same time as Looney's termination, Defendant terminated four other African-Americans from its Carmel location.

## V. CAUSES OF ACTION
### COUNT I: RACE DISCRIMINATION

24. Looney hereby incorporates paragraphs one (1) through twenty-three (23) of her Complaint.

25. Defendant discriminated against Looney based on her race.

26. Defendant's actions were intentional, willful and in reckless disregard of

Looney's rights as protected by the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 and/or Title VII of the Civil Rights Act of 1964.

27. Looney suffered damages as a result of Defendant's unlawful actions.

## COUNT II: DISABILITY DISCRIMINATION

28. Looney hereby incorporates by reference paragraphs one (1) through twenty-seven (27) as if the same were set forth at length herein.

29. Defendant violated Looney's rights as protected by the Americans with Disabilities Act, 42 U.S.C. 12101, *et. seq.* by terminating Looney based on her actual or perceived disability.

30. Defendant's actions were intentional, willful and in reckless disregard of Looney's rights as protected by the ADA.

31. Looney has suffered and continues to suffer damages because of Defendant's actions.

## COUNT III: FMLA- RETALIATION

32. Looney hereby incorporates paragraphs one (1) through thirty-one (31) of her Complaint as if the same were set forth at length herein.

33. Defendant retaliated against Looney for exercising her rights under the FMLA.

34. Defendant's actions were intentional, willful, and in reckless disregard for Looney's rights as protected by the FMLA.

35. Looney has been damaged and continues to be damaged by Defendant's actions.

## **COUNT IV – FMLA - INTERFERENCE**

36. Looney hereby incorporates paragraphs one (1) through thirty-five (35) of her Complaint.

37. Defendant unlawfully interfered with the exercise of Looney's rights under the FMLA.

38. Defendant's actions were intentional, willful, and in reckless disregard of Looney's rights as protected by the FMLA.

39. Looney suffered damages as a result of Defendant's unlawful actions.

## VI. **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Randi Looney, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

2. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

3. Compensatory damages for Defendant's violations of the ADA;

4. Punitive damages for Defendant's violation of the ADA;

5. Liquidated damages for Defendant's violation of the FMLA;

6. Costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgement interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

s/ Andrew Dutkanych III
Andrew Dutkanych III
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
*Counsel for Plaintiff, Kanisha Looney*

## DEMAND FOR JURY TRIAL

Plaintiff, Kanisha Looney, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

s/ Andrew Dutkanych III
Andrew Dutkanych III
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
*Counsel for Plaintiff, Kanisha Looney*